UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RITA R CALDWELL                               CIVIL ACTION NO. 20-cv-833

VERSUS                                        CHIEF JUDGE HICKS

LATHAM POOL PRODUCTS INC, ET AL               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Rita Caldwell ("Plaintiff") filed this wrongful death action against Latham Pool Products, Inc. after a Latham employee was involved in an accident that resulted in the death of Plaintiff's husband. One of the several named defendants was Ryder Truck Rentals, Inc., which rented the truck that was being driven by the Latham employee. Plaintiff eventually dismissed all claims against Ryder.

Ryder now presents a Motion for Leave to Intervene (Doc. 96) and asserts a claim against Latham and its insurer, Travelers, for reimbursement of its defense costs. Ryder alleges that the rental agreement executed by Latham required Latham to provide liability coverage on the rented vehicle and to name Ryder as an additional insured. Ryder's demands for reimbursement have not been satisfied.

No party objects to the proposed intervention, but the court must be wary of allowing the intervention if it would affect subject matter jurisdiction. The proposed complaint does not make clear the basis for subject matter jurisdiction, but intervenors commonly rely on 28 U.S.C. § 1367(a), which grants the district courts supplemental jurisdiction over claims that are so related to claims in the main action that they form part

of the same case or controversy. The statute specifically states that such supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." But Section 1367(b) states that in any case in which the court has original jurisdiction founded solely on diversity jurisdiction, the court shall not have supplemental jurisdiction over claims by persons seeking to intervene as plaintiffs under Rule 24 "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

The Fifth Circuit interpreted and applied that portion of Section 1367(b) in Griffin v. Lee, 621 F.3d 380 (5th Cir. 2010). The Court held that when a party attempts to intervene in a diversity case, the court does not have supplemental jurisdiction over the proposed intervention unless (1) there is diversity of citizenship between the intervenor and the defendants and (2) the amount in controversy with respect to the intervention exceeds $75,000. In Griffin, an attorney for the plaintiff in an existing case attempted to intervene to collect attorney's fees of less than $55,000. The attorney and some of the defendants in the underlying case were citizens of Louisiana. The Fifth Circuit held that the district court lacked supplemental jurisdiction over the intervention. "In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332." Griffin, 621 F.3d at 387. See also Samuels v. Twin City, 602 Fed. Appx. 209 (5th Cir. 2015) (affirming dismissal for lack of jurisdiction when proposed intervenor did not meet the jurisdictional amount requirement).

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). Ryder alleges that it is a citizen of Florida, Latham is a citizen of Delaware and New York, and Travelers is a citizen of Connecticut. Thus, there is diversity of citizenship between the parties to the proposed intervention. With respect to the amount in controversy, Ryder's proposed complaint points to the fact that this is a wrongful death action that would make the amount exceed $75,000.

The amount in controversy element for the intervention may not be met by pointing to the main dispute. The element must be satisfied with respect to the claim set forth in the proposed complaint in intervention. Ryder's proposed complaint does not make a specific demand, but it refers to an exhibit that states the demand for reimbursement for the defense totals $16,510.68 in fees and costs. The proposed complaint in intervention also makes a demand for statutory penalties and attorney fees on the grounds that Latham and Travelers did not have a good faith basis to deny the claim for reimbursement.

A demand for statutory penalties and fees is considered in assessing the amount in controversy. The available penalties under the cited statutes are ordinarily based on the consequential damages sustained as a result of a breach of duties under the statute. Thomas v. Hartford Accident & Indemnity Co., 2018 WL 1548897, *4 (W.D. La. 2018). The proposed complaint does not provide a factual basis for determining a penalty greater than the $5,000 minimum available under one of the statutes, so that is the highest value the court can attribute to the claim for penalties when assessing the amount in controversy. Id. With respect to attorneys' fees, only a reasonable amount may be allocated to the amount

in controversy assessment. <u>Wright Family Investments, LLC v. Jordan Carriers, Inc.</u>, 2012 WL 2457664, *4 (W.D. La. 2012).

Ryder has presented, at best, a claim totaling approximately $21,500 in reimbursement plus statutory penalty. There is no reasonable fee, for such a small claim, that could be projected that would bring that amount to exceed $75,000. Ryder has not met its burden with respect to the amount in controversy. For this reason, Ryder's Motion for Leave to Intervene (Doc. 96) must be denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge